# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL E. GARNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00318 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LAWRENCE JONES, et al., | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Michael E. Garner, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Garner alleges that the defendants hindered his ability to access the courts by denying him possession of certain photographs. I find that Garner has not stated a claim upon which relief can be granted and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Garner alleges that he received a package from his former attorney via legal mail and that he was called to the Institutional Programs Manager's office to open the package. The package contained six 8x10 accident scene photographs and three compact discs which contained recordings of telephone calls that Garner made while incarcerated. The photographs and the telephone recordings were all evidence that was used at Garner's criminal trial. The defendants confiscated the photographs and compact discs, stating that inmates are not allowed to possess photographs larger than 4x6 or "these types of cds." Garner states that he does not need the compact discs, but argues that he needs the photographs to be able to challenge his criminal conviction.[1] Garner claims that, by denying him the photographs, the defendants are "hindering him from filing his appeal to the Supreme Court" and, therefore, are violating his constitutional rights.

---

[1] Garner alleges that the photographs "are irrefutable proof that the police lied, and presented false and misleading evidence at his trial . . . ."

**II.**

Garner claims that the defendants violated his constitutional right to access the courts. I find that Garner's allegations fail to state a claim of constitutional magnitude and, therefore, I will dismiss his complaint without prejudice.

Inmates have a constitutional right to reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817, 838 (1977); Ex parte Hull, 312 U.S. 546 (1941). The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. See Lewis, 518 U.S. at 349 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). Plaintiff must make specific allegations as to the actual injury sustained. See also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct); Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir. 1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access.").

In this case, Garner has not alleged any specific injury resulting from the defendants' confiscation of the photographs. Garner was allowed to review the photographs; he just was not allowed, due to the size of the photographs, to keep them in his possession. Garner has not shown

that he needs to keep the photographs in his possession in order to challenge his state conviction, nor that, in the event that he presents a challenge to his state conviction, he cannot have the photographs forwarded directly from his former attorney to the court. Accordingly, I find that Garner has not alleged a constitutional claim of denial of access to the courts and, therefore, I will dismiss his complaint.

### III.

For the stated reasons, Garner's complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendant, if known.

**ENTERED** this 13th day of July, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE